JAMES M. DUNCAN, SBN 161474
SCANLON DUNCAN LLP
P.O. Box 10359
Bakersfield, California 93389-0359
PH: (661) 404-5028
Email: jim@scanlonduncan.com

Attorneys for Plaintiff, SHAKE 'N BUNS, INC.

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKE 'N BUNS, INC. a California Corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA BURGER EXPRESS, INC., a California Corporation<br><br>　　　　Defendant. | Case No.<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT; UNFAIR COMPETITION; COMPETITIVE INJURY; AND DEMAND FOR JURY TRIAL** |

　　Plaintiff alleges as follows:

## PARTIES

　　1.　　Plaintiff, SHAKE 'N BUNS, INC. ("Plaintiff" or "SHAKE 'N BUNS") is a California corporation with its principal place of business in Bakersfield, County of Kern, State of California.　SHAKE 'N BUNS operates a restaurant at 400 Brundage Lane, Bakersfield, California, and a chain of restaurants in Saudi Arabia all which operate under the brand name THE CALIFORNIA BURGER.

　　2.　　Plaintiff is informed and believes, and on that basis alleges, that defendant, CALIFORNIA BURGER EXPRESS, INC. ("Defendant" or "BURGER EXPRESS") is a California Corporation having its principal place of business at 101 Panama Road, Bakersfield, California.

## JURISDICTION

3. This is an action for trademark infringement in violation of Section 32(1) of the Lanham Act (15 U.S.C. §1125(a)), for common law trademark infringement, and for unfair competition.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1338(a) and (b) because it involves substantial claims under the Lanham Act.

5. This Court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

6. The Court has personal jurisdiction over BURGER EXPRESS, because, as SHAKE 'N BUNS is informed and believes, BURGER EXPRESS regularly conducts its business within and specifically directs it business activities in the City of Bakersfield, County of Kern, State of California and the Eastern District of California.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b)1 and (c)(1) because a substantial part of the events giving rise to the claims pled herein have occurred and/or will occur in this District.

## BACKGROUND

8. SHAKE 'N BUNS operates a restaurant at 400 Brundage Lane, Bakersfield, California ("The California Burger Restaurant"), as well as a chain of restaurants in Saudi Arabia, all operating under THE CALIFORNIA BURGER trademark.

9. On March 8, 2016, the United States Patent and Trademark Office issued United States Trademark Registration No. 4,915,236 to SHAKE 'N BUNS for the design mark THE CALIFORNIA BURGER (the "Registered Mark"), for use in connection with "restaurant services" in International Class 43 based upon a date of first use in commerce of December 1, 2015. The Registered Mark is described as consisting of "the literal element 'THE CALIFORNIA BURGER' contained within a frame generally depicting a license plate, the term 'CALIFORNIA' appearing in stylistic cursive, the term 'BURGER' appearing in block letters, and the term 'THE' appearing in a vertical orientation above the letter 'B' of 'BURGER'". Color is not claimed as a feature of the mark. A true and correct copy of Registration No. 4,915,236

is attached hereto as **Exhibit A**.

10. Because of SHAKE 'N BUNS's use of the Registered Trademark and its advertising and promotion of the Registered Trademark both domestically and internationally, the Registered Trademark has come to be recognized and relied upon by consumers, including those in the communities surrounding Bakersfield, California, as identifying the food products and services of The California Burger Restaurant, distinguishing those food products and services from those of competing businesses, including those in the communities surrounding Bakersfield, California. SHAKE 'N BUNS has thereby established common law rights in THE CALIFORNIA BURGER trademark in the communities surrounding Bakersfield, California.

11. Among its other advertising platforms, SHAKE 'N BUNS operates, owns and/or controls a website at californiaburger.com (the "Website"). On the Website, consumers can place orders for various menu items for either pickup at The California Burger Restaurant or for delivery by various food delivery services.

12. SHAKE 'N BUNS is informed and believes that BURGER EXPRESS has constructed a restaurant located at 101 Panama Road, Bakersfield, California (the "Panama Road Restaurant") and erected signage which is confusingly similar to the Registered Trademark. The signage depicts a vehicle license plate with term "CALIFORNIA" appearing in stylistic cursive, the term "BURGER" appearing in block letters, the term "Express" appearing below "BURGER". A true and correct copy of the erected signage is depicted in the attached **Exhibit B**.

13. SHAKE 'N BUNS is informed and believes that BURGER EXPRESS is currently, or intends, to provide nearly identical menu items at the Panama Road Restaurant as those provided at The California Burger Restaurant.

14. The Panama Road Restaurant is located a distance of approximately 6.5 miles, via automobile, from The California Burger Restaurant.

15. On April 10, 2023, Attorneys for SHAKE 'N BUNS sent a letter to Mohammed M. Alghazali, identified by the California Secretary of State as the Chief Executive Officer of BURGER EXPRESS, demanding that the signage depicted in Exhibit B be removed and that BURGER EXPRESS cease use of the Registered Trademark. A true and correct copy of the

April 10, 2023, letter is attached hereto as **Exhibit C**.

16. As of the date of filing the present complaint, BURGER EXPRESS has failed to comply with the demands set forth in **Exhibit C**.

### COUNT ONE

### (Trademark Infringement Under 15 U.S.C. § 1114)

17. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

18. Plaintiff is informed and believes that BURGER EXPRESS had actual notice and knowledge and constructive notice (pursuant to 15 U.S.C. § 1072) of Plaintiff's ownership of the Registered Trademark.

19. Plaintiff is informed and believes BURGER EXPRESS is currently providing and/or intends to provide services which infringe the Registered Trademark.

20. Plaintiff is informed and believes BURGER EXPRESS's continued and unauthorized use of the Registered Trademark has been done, and currently done, with knowledge that the Registered Trademark is the exclusive property of SHAKE 'N BUNS.

21. Plaintiff is informed and believes, and on that basis alleges, that BURGER EXPRESS's unauthorized use of marks which are the same and/or confusingly similar to the Registered Trademark is deliberate and has caused, and will continue to cause, confusion, mistake, and/or deception, among SHAKE N' BUNS's and BURGER EXPRESS's customers, as to the source, sponsorship, or origin of the companies' respective products and services.

22. BURGER EXPRESS's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23. Plaintiff is informed and believes, and on that basis alleges that as a direct result of said trademark infringement, SHAKE 'N BUNS has sustained and is likely to continue to sustain substantial monetary damages and irreparable injury to its business, reputation and goodwill.

24. Plaintiff has no adequate remedy at law and, in light of the foregoing, is entitled to permanent injunctive relief prohibiting BURGER EXPRESS from using any marks which are

confusingly similar to the Registered Trademark.

25. Moreover, by reason of the foregoing, SHAKE 'N BUNS is entitled under Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), to recover BURGER EXPRESS's profits, SHAKE 'N BUNS's damages, and the costs of this action. SHAKE 'N BUNS is also entitled under Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a), to treble damages by reason of the circumstances of the case, and to attorneys' fees by reason of the willfulness of BURGER EXPRESS's conduct, which willfulness renders this an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

26. Further, SHAKE 'N BUNS is entitled under Section 36 of the Lanham Act, 15 U.S.C. §1118, to a court order providing that all products, product packaging, advertising, and promotional material bearing the Registered Trademarks be delivered up and destroyed.

## COUNT TWO

### (Infringement of Common Law Trademark Rights)

27. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

28. Beginning by no later than December 1, 2015, SHAKE 'N BUNS began use of THE CALIFORNIA BURGER trademark at The California Burger Restaurant.

29. Plaintiff's use of THE CALIFORNIA BURGER trademark beginning no later than December 1, 2015 was sufficient to establish Plaintiff's common law rights in THE CALIFORNIA BURGER trademark.

30. Plaintiff is informed and believes BURGER EXPRESS has offered to provide and/or intends to provide services which infringe THE CALIFORNIA BURGER trademark.

31. The acts of BURGER EXPRESS in using THE CALIFORNIA BURGER trademark were done deliberately to deceive, mislead, and/or confuse Plaintiff's and BURGER EXPRESS's customers, as to the source, sponsorship, or origin of the companies' respective products and services.

32. The acts of BURGER EXPRESS as alleged in this complaint are without the authority and consent of Plaintiff and are in violation of Plaintiff's common law rights in THE

CALIFORNIA BURGER trademark.

33. As a direct and proximate result of BURGER EXPRESS's trademark infringement, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

34. Unless BURGER EXPRESS is restrained, Plaintiff will continue to infringe on The California Burger trademark and cause irreparable injury to Plaintiff from loss of profits and deprivation of the benefit of the goodwill, which is attached to THE CALIFORNIA BURGER trademark, such that Plaintiff is entitled to an injunction to restrain BURGER EXPRESS from infringing use of THE CALIFORNIA BURGER trademark.

35. Plaintiff is informed and believes that BURGER EXPRESS's attempts to capitalize on and profit from its infringement of THE CALIFORNIA BURGER Trademark is oppressive, fraudulent, and/or malicious, and subjects BURGER EXPRESS to exemplary damages.

## COUNT THREE

**(Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a))**

36. Plaintiff realleges and incorporates by reference all paragraphs above as if fully set forth herein.

37. The acts of BURGER EXPRESS in infringing the Registered Trademark and THE CALIFORNIA BURGER trademark constitute federal false designation of origin in violation of 15 U.S.C. § 1125(a).

38. As a direct and proximate result of BURGER EXPRESS's false designation, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and BURGER EXPRESS will continue to unfairly acquire income, profits and goodwill.

39. BURGER EXPRESS's acts of false designation will cause further irreparable injury to Plaintiff if BURGER EXPRESS is not restrained by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

///

///

## COUNT FOUR

**(Unfair Competition Under California Business & Professions Code, § 17200)**

40. Plaintiff hereby realleges and incorporates by reference all paragraphs above as if fully set forth herein.

41. Plaintiff is informed and believes, and on that basis alleges, that BURGER EXPRESS uses false and misleading information in advertising its products and services, including the use of the Registered Trademark and THE CALIFORNIA BURGER trademark. Plaintiff is informed and believes, and thereon alleges, that use of the term "Express" in the BURGER EXPRESS signage, is specifically intended to create the impression that the restaurant operated by BURGER EXPRESS is affiliated with The California Burger Restaurant as well as a successful chain of restaurants operated by Plaintiff in Saudi Arabia, thereby creating confusion with the consuming public as to the origin of the products and services provided by BURGER EXPRESS. Such confusion is amplified by the close geographic locations between the California Burger Restaurant and the Panama Road Restaurant.

42. BURGER EXPRESS's acts constitute unfair practices within the meaning of California Business and Professions Code, section 17200, et seq., in that BURGER EXPRESS's business practices are forbidden by law and immoral, unethical, oppressive, unscrupulous, substantially injurious, and/or fraudulent.

43. Plaintiff has been damaged by BURGER EXPRESS's unlawful, unfair, deceptive, and unscrupulous business practices as alleged herein and will continue to be damaged by the same unless enjoined by this Court

44. Plaintiff is entitled to injunctive relief prohibiting BURGER EXPRESS from continuing such acts of unfair competition.

## PRAYER FOR RELIEF

WHEREFORE, SHAKE 'N BUNS prays for judgment as follows:

A. That this Court grant a preliminary injunction enjoining and restraining BURGER EXPRESS and its servants, and employees from directly or indirectly using any marks which are confusingly similar to the Registered Trademark and THE CALIFORNIA BURGER trademark;

B. That this Court grant a permanent injunction enjoining and restraining BURGER EXPRESS and its agents, servants, and employees from directly or indirectly using any marks which are confusingly similar to the Registered Trademark and THE CALIFORNIA BURGER Trademark;

C. That this Court, pursuant to the powers granted it under 15 U.S.C.A. § 1118, order that all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of BURGER EXPRESS bearing any marks which are confusingly similar to the Registered Trademark and THE CALIFORNIA BURGER Trademark be delivered up and destroyed;

D. That this Court grant an injunction enjoining and restraining BURGER EXPRESS and its agents, servants, and employees from continuing any and all acts of unfair competition and false designation of origin as alleged herein;

E. That BURGER EXPRESS be required to account to Plaintiff for any and all profits derived by BURGER EXPRESS from the sale of any infringing services and for all damages sustained by Plaintiff by reason of BURGER EXPRESS's acts of infringement, unfair competition and false designation complained of in this Complaint;

F. For damages against BURGER EXPRESS for its past and continuing infringement of THE CALIFORNIA BURGER trademark and the Registered Trademark in violation of 15 U.S.C. § 1114(1).

G. For damages against BURGER EXPRESS for its past and continuing acts of unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a);

H. Awarding to Plaintiff all damages as sustained as the result of BURGER EXPRESS's acts of infringement and unfair competition, said amount to be trebled, together with prejudgment interest, pursuant to 15 U.S.C. § 1117;

I. Awarding to Plaintiff all profits received by BURGER EXPRESS received from sales and revenues of any kind made as a result of its infringing actions, said amount to be trebled, after an accounting pursuant to damages as sustained as the result of BURGER EXPRESS's acts of infringement and unfair competition, said amount to be trebled, together

1 | with prejudgment interest, pursuant to 15 U.S.C. § 1117;

2 | J.  Awarding to Plaintiff damages for BURGER EXPRESS's infringement of
3 | Plaintiff's common law trademarks;

4 | K.  Awarding restitution to Plaintiff as a result of BURGER EXPRESS's unfair
5 | competition pursuant to California Business & Professions Code, § 17200;

6 | L.  For attorneys' fees;

7 | M.  For costs of this action; and

8 | N.  That this Court grant such other and further relief as it shall deem just.

10 | Date: December 7, 2023           SCANLON DUNCAN LLP

12 |                    By:    /James M. Duncan/
13 |                           JAMES M. DUNCAN
                               Attorneys for Plaintiff, SHAKE 'N BUNS, INC.

EXHIBIT A

# United States of America
## United States Patent and Trademark Office



**Reg. No. 4,915,236**
**Registered Mar. 8, 2016**
**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

SHAKE 'N BUNS, INC. (CALIFORNIA CORPORATION)
2517 WHITE LANE
BAKERSFIELD, CA 93304

FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 12-1-2015; IN COMMERCE 12-1-2015.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CALIFORNIA BURGER", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELEMENT "THE CALIFORNIA BURGER" CONTAINED WITHIN A FRAME GENERALLY DEPICTING A LICENSE PLATE, THE TERM "CALIFORNIA" APPEARING IN STYLISTIC CURSIVE, THE TERM "BURGER" APPEARING IN BLOCK LETTERS, AND THE TERM "THE" APPEARING IN A VERTICAL ORIENTATION ABOVE THE LETTER "B" OF "BURGER".

SN 86-599,030, FILED 4-15-2015.

PATRICIA EVANKO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.*

**Grace Period Filings***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

*****ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.

**NOTE:** A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at http://www.uspto.gov.

EXHIBIT B



EXHIBIT C



ATTORNEYS AT LAW

April 10, 2023

**_VIA OVERNIGHT MAIL_**
California Burger Express, Inc.
Mohammed M. Alghazali, CEO
101 Panama Road
Bakersfield, CA 93312

Dear Mr. Alghazali:

    This law firm represents Shake 'N Buns, Inc. Our client is the owner of United States Trademark Reg. No. 4,915,236 for THE CALIFORNIA BURGER for use in connection with restaurant services (the "Registered Trademark"). A copy of the registered trademark is enclosed herewith.

    The Registered Trademark consists of the literal element "THE CALIFORNIA BURGER" contained within a frame generally depicting a license plate, the term "CALIFORNIA" appearing in stylistic cursive, the term "BURGER" appearing in block letters, and the term "THE" appearing in a vertical orientation above the letter "B" of "BURGER". Our client's registration is incontestable under federal trademark law, constituting conclusive evidence of our client's ownership of the mark as well as its exclusive right to use the mark.

    Our client has recently learned that your company is operating a restaurant under the name California Burger Express on Union Avenue in Bakersfield. Similar to the Registered Trademark, the signage for your restaurant generally depicts a license plate containing the literal elements "CALIFORNIA BURGER" in large letters above the word "Express" in smaller stylized letters. The term "California" is stylistic cursive nearly identical to that of our client, and the word BURGER is in block letters similar to that our client's mark. A copy of a photograph of your restaurant's sign is enclosed herein.

    It is beyond reasonable dispute that your company's use of the above-described sign creates a likelihood that consumers in Bakersfield will believe that there is an affiliation or connection between our client's THE CALIFORNIA BURGER business and your company's CALIFORNIA BURGER EXPRESS business. Both marks adopt the appearance of a license plate, and the

P.O. Box 10359 • Bakersfield, CA • 93389 • 661.404.5028
tim@scanlonduncan.com • jim@scanlonduncan.com
scanlonduncan.com

dominant terms "California Burger" are in similar font and position in the marks. This likelihood of confusion gives rise to actionable infringement against your company.

Our client believes that this act of infringement was done with complete disregard for our client's trademark rights and done with the intent to confuse the consuming public as to the source of the proffered services.

Given the disregard for our client's intellectual property rights, our client has directed us to prepare a complaint for trademark infringement and unfair competition for filing in the United States Court for the Eastern District of California.

If your company wishes to resolve this matter expeditiously, our client is willing to settle this matter now upon your company's agreement to the following terms:

1. Agree in writing by no later than April 21, 2023 that by no later than May 15, 2023 you will remove any signage on any restaurant operated by your company which uses the Registered Trademark, or any confusingly similar mark. This demand specifically demands the removal or change of the signage shown in the enclosed photograph.

2. Agree in writing by no later than April 21, 2023 that California Burger Express, Inc. and any related entities owned, operated, or affiliated with California Burger Express, Inc., will immediately cease and desist any and all usage of the Registered Trademark including, but not limited to, the use of the Registered Trademark and any confusingly similar mark to advertise restaurant services, no matter the form of the advertising media, including, but not limited to, social media, website advertising, broadcast media (radio, television, podcast, etc.), and/or print advertising.

3. Agree in writing by no later April 21, 2023, that by no later than May 15, 2023, your company will file a certificate of amendment with the California Secretary of State which changes the name of your company to a name which is not confusingly similar to the Registered Trademark.

If we do not receive your company's unequivocal acceptance of the above terms by close of business, April 21, 2023, the complaint we have prepared will be filed and formally served, and we will move forward in prosecuting this action against California Burger Express, Inc, as well as any additional culpable parties identified through discovery. In prosecuting the action, we will seek all available damages, including treble damages for intentional trademark infringement, and recovery of attorneys' fees as provided under the Lanham Act.

    Nothing contained in or omitted from this letter shall be deemed a waiver of any of our client's rights or remedies with respect to this matter, and our client expressly reserves all of its rights and remedies. This letter is not intended as a complete recitation of the facts or issues.

Very truly yours,

James M. Duncan

JMD/jpm  
Enclosures

# United States of America
### United States Patent and Trademark Office



**Reg. No. 4,915,236**  SHAKE 'N BUNS, INC. (CALIFORNIA CORPORATION)
2517 WHITE LANE
**Registered Mar. 8, 2016**  BAKERSFIELD, CA 93304

**Int. Cl.: 43**  FOR: RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 12-1-2015; IN COMMERCE 12-1-2015.

**SERVICE MARK**

**PRINCIPAL REGISTER**  NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CALIFORNIA BURGER", APART FROM THE MARK AS SHOWN.

THE MARK CONSISTS OF THE LITERAL ELEMENT "THE CALIFORNIA BURGER" CONTAINED WITHIN A FRAME GENERALLY DEPICTING A LICENSE PLATE, THE TERM "CALIFORNIA" APPEARING IN STYLISTIC CURSIVE, THE TERM "BURGER" APPEARING IN BLOCK LETTERS, AND THE TERM "THE" APPEARING IN A VERTICAL ORIENTATION ABOVE THE LETTER "B" OF "BURGER".

SN 86-599,030, FILED 4-15-2015.

PATRICIA EVANKO, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

