UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAKE 'N BUNS, INC., <br><br> Plaintiff, <br><br> v. <br><br> CALIFORNIA BURGER EXPRESS, INC., <br><br> Defendant. | Case No. 1:23-cv-01711-CDB <br><br> ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6) AND GRANTING LEAVE TO AMEND <br><br> (Doc. 12) <br><br> ORDER VACATING/RESETTING SCHEDULING CONFERENCE <br><br> **14-DAY DEADLINE** |

Pending before the Court is the motion by Defendant California Burger Express, Inc., to dismiss the complaint of Plaintiff Shake 'N Buns, Inc., filed February 7, 2024, pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 12).[1] The Court has received and considered Plaintiff's opposition papers (Doc. 14) and Defendant's reply (Doc. 17). The Court convened with the parties for oral argument on March 29, 2024 (Doc. 20) and the motion was deemed submitted.

///

---

[1] All parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings in this action, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c)(1). (Doc. 19).

1

**Background**[2]

Plaintiff Shake 'N Buns, Inc. is a California corporation with its principal place of business in Bakersfield, where it operates a restaurant at 400 Brundage Lane, and also operates a chain of restaurants in Saudi Arabia, all under the brand name The California Burger. (Doc. 1, "Compl." ¶¶ 1, 8). In March 2016, Plaintiff obtained a registration from the U.S. Patent and Trademark Office for the design mark "THE CALIFORNIA BURGER" for use in connection with restaurant services based on a date of first use in commerce of December 1, 2015. *Id.* ¶ 9. The registered mark (hereinafter, the "Registered Trademark") is described as consisting of "the literal element 'THE CALIFORNIA BURGER' contained within a frame generally depicting a license plate, the term 'CALIFORNIA' appearing in stylistic cursive, the term 'BURGER' appearing in block letters, and the term 'THE' appearing in a vertical orientation above the letter 'B' of 'BURGER.'" *Id.*

Plaintiff's use, advertising and promotion of the Registered Mark has prompted consumers (including consumers in Bakersfield) to come to recognize the Registered Mark as identifying the food products and services of Plaintiff's The California Burger restaurants. *Id.* ¶ 10. Among its other advertising platforms, Plaintiff operates, owns and/or controls a website at californiaburger.com. *Id.* ¶ 11. On this website, consumers can place orders for various menu items for either pickup at Plaintiff's The California Burger restaurants or for delivery by various food delivery services. *Id.*[3]

Defendant California Burger Express Inc. is a California corporation with its principal

---

[2] Unless stated otherwise, the facts and allegations set forth below come from Plaintiff's complaint, which the Court takes as true for purposes of Defendant's motion to dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

[3] The Court notes that this allegation seems incorrect. Although Plaintiff's website appears to depict products (such as drink cups) bearing the Registered Trademark, it does not appear orders may be made either for pickup or delivery – a fact counsel for Plaintiff appeared to concede at the hearing on Defendant's motion. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994) ("[D]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."), overruled in part on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002)).

1  place of business in Bakersfield, where it operates a restaurant at 101 Panama Road. *Id.* ¶¶ 2,
2  12. Defendant's restaurant is approximately 6.5 miles away from Plaintiff's restaurant and
3  presently offers or will offer nearly identical food items as offered at Plaintiff's restaurant. *Id.*
4  ¶¶ 13, 14. Defendant's restaurant presents signage that Plaintiff asserts is confusingly similar to
5  the Registered Trademark. The signage depicts a vehicle license plate with the term
6  "CALIFORNIA" appearing in stylistic cursive, the term "BURGER" appearing in block letters,
7  and the term "Express" appearing below the word "BURGER." *Id.* ¶ 12.

8  On December 12, 2023, after Defendant failed to respond to Plaintiff's cease-and-desist
9  letter demanding Defendant remove the offending signage and cease use of the Registered Mark,
10 Plaintiff commenced this action with the filing of a complaint alleging claims under the Lanham
11 Act (15 U.S.C. §§ 1125 *et seq.*) for trademark infringement, unfair competition and false
12 designation of origin, a claim for infringement of common law trademark rights, and a claim
13 pursuant to California's unfair competition law.

14 On February 7, 2024, Defendant moved to dismiss Plaintiff's complaint. (Doc. 12).
15 Plaintiff filed an opposition to Defendant's motion on February 21, 2024, and Defendant replied
16 on March 4, 2024. (Docs. 14, 17). The Court convened for a motion hearing via Zoom
17 teleconference on March 29, 2024. Plaintiff's counsel James Duncan and Defendant's counsel
18 Shane Smith appeared. (Doc. 20).

19 **Party Contentions**

20 Defendant argues Plaintiff's claims under the Lanham Act fail as the complaint does not
21 adequately allege consumers are likely to be confused by the parties' marks. (Doc. 12 at 3).
22 Defendant asserts that the Court independently may consider the similarity of the parties' marks
23 and conclude that the marks are so dissimilar that, as a matter of law, there is no likelihood of
24 confusion. *Id.* at 6 (citing *inter alia Robinson v. Hunger Free Am., Inc.*, No. 1:18-cv-0042-LJO-
25 BAM, 2018 WL 1305722, at *3 (E.D. Cal. Mar. 13, 2018) (citing *Murray v. Cable Nat'l Broad.*
26 *Co.*, 86 F.3d 858, 860 (9th Cir. 1996)).

27 Defendant also asserts that Plaintiff's statutory and common law claims of trademark
28 infringement fail because Plaintiff does not allege the source of its claimed common law

trademark rights and that, to the extent the claimed rights are based on Plaintiff's ownership of a registration for the Registered Mark, its claim to common law rights is faulty because, as summarized above, the parties marks are not confusingly similar as a matter of law. (Doc. 12 at 7). Finally, Defendant argues Plaintiff's claim under California's unfair competition statute fails for the same reasons its Lanham Act claims fail. *Id.* 7-8 (citing *inter alia Keen v. Am. Home Mortgage Servicing, Inc.*, 664 F. Supp. 2d 1086, 1102 (E.D. Cal. 2009) (dismissing plaintiff's UCL claim because it was "predicated on facts supporting her other claims" under federal and state statutory and common law that also were dismissed).

In opposition to Defendant's motion to dismiss, Plaintiff argues it has alleged sufficient facts to state a claim for trademark infringement and that it need not allege facts in support of each of the *Sleekcraft* factors to state a claim for relief. (Doc. 14 at 5). Plaintiff relatedly argues that Defendant is incorrect that the Court may, in the posture of the instant case, determine likelihood of confusion as a matter of law based solely on comparing the parties' marks. *Id*. at 3-4. Plaintiff maintains that, because it has adequately alleged a trademark infringement claim, its related causes of action likewise survive Defendants' motion. *Id*. at 6.

**Legal Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to dismiss a plaintiff's complaint for failing "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n*., 720 F.2d 578, 581 (9th Cir. 1983) (citing *Peck v. Hoff*, 660 F.2d 371, 374 (8th Cir. 1981)). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*., 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc*., 749 F.2d 530, 533-34 (9th Cir. 1984))

To survive a motion to dismiss under Rule 12(b)(6), a complaint must provide sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility

requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court must accept as true all allegations put forth in the complaint and construe all facts and inferences in favor of the non-moving party. *Erickson*, 551 U.S. at 94; *Hebbe v. Pliler*, 627 F.3d 338, 340 (9th Cir. 2010). The complaint need not include "detailed factual allegations," but must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citations omitted). The Court is "not 'required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.'" *Seven Arts Filmed Entm't, Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010)).

**Discussion**

**A.  Plaintiff's Lanham Act Claims (Counts One and Three)**

"To maintain an action for trademark infringement under 15 U.S.C. § 1114, false designation of origin under 15 U.S.C. § 1125(a) and unfair competition under California law, a plaintiff must prove the defendant's use of the same or similar mark would create a likelihood of consumer confusion." *Murray*, 86 F.3d at 860 (internal quotation marks omitted). In the Ninth Circuit, courts examine eight non-exhaustive factors to determine whether a likelihood of confusion exists as between two parties' marks. *Id*. *See AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348-49 & n.11 (9th Cir. 1979) (identifying eight factors). The eight factors are: (1) the strength or distinctiveness of the mark; (2) the proximity or relatedness of the goods; (3) the similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) types of goods and degrees of care likely to be exercised by the purchaser; (7) defendant's intent in selecting its mark; and (8) the likelihood of expansion into other markets. *Id.* at 348.

"If the court determines as a matter of law from the pleadings that the goods are unrelated and confusion is unlikely, the complaint should be dismissed." *Murray*, 86 F.3d at 860 (citing

1 *Toho Co. Ltd. v. Sears, Roebuck & Co.,* 645 F.2d 788, 790-91 (9th Cir. 1981)).  However, a plaintiff "is not required to prove the likelihood of confusion at the pleading stage." *Visual Changes Skin Care Int'l, Inc. v. Neways, Inc*., No. CV F 08–0959 LJO DLB, 2008 WL 4723603, at *4 (E.D. Cal. Oct. 24, 2008) (quotation and citation omitted).

In its complaint, Plaintiff alleges consumers in Bakersfield have come to recognize the Registered Mark as identifying the food products and services of Plaintiff's The California Burger restaurants, in part because of Plaintiff's ownership and/or control of a website (californiaburger.com) at which customers may view products bearing the Registered Mark.  Compl. ¶¶ 10, 11.  Moreover, Plaintiff's complaint alleges that Defendant operates a restaurant approximately 6.5 miles away from Plaintiff's restaurant that presently offers or will offer nearly identical food items as offered at Plaintiff's restaurant.  *Id*. ¶¶ 13, 14.  And, as alleged in the complaint, Defendant's restaurant presents signage that Plaintiff asserts is confusingly similar to the Registered Trademark given its depiction of a similar vehicle license plate with term "CALIFORNIA" appearing in stylistic cursive, and the term "BURGER" appearing in block letters.  *Id.* ¶ 12.

Under certain circumstances – including where the parties' marks are "so facially dissimilar that they cannot plausibly create a likelihood of confusion" – a court may find as a matter of law that a plaintiff's trademark infringement claim fails as a matter of law.  *See Mintz v. Subaru of Am., Inc*., 716 Fed. App'x 618, 621 (9th Cir. 2017).  However, Defendant cites no authority supporting an argument that under the circumstances presented here – where the parties' marks share the same words and have at least some similar design features, and where the marks are used on similar goods at competing restaurants within a ten-minute drive of each other – a court may dismiss an infringement claim on the pleadings.  *Cf. Yaros v. Kimberly Clark Corp*., No. 17cv1159-GPC(BGS), 2018 WL 3729520, at *5 (S.D. Cal. Aug. 6, 2018) ("The Court cannot conclude as a matter of law that there would be no likelihood of confusion as the products are related, the phrase used by both parties are identical and they market to the same consumers") and <u>*Stanislaus Custodial Deputy Sheriffs' Ass'n v. Deputy Sheriff's Ass'n of Stanislaus Cnty*.,</u> No. CV F 09-1988 LJO SMS, 2010 WL 2218813, at *10 & n.3 (E.D. Cal. June 1, 2010) (same)

with *Robinson*, 2018 WL 1305722, at *4 (dismissing complaint where plaintiff failed to allege likelihood of confusion where "the goods or services that Plaintiff and Defendant offer are not related or sold to the same class of purchaser, and have dissimilar uses and functions").

Accordingly, the Court finds that Plaintiff's complaint adequately alleges claims for trademark infringement and false designation of origin under the Lanham Act.

**B. Plaintiff's State Law Claims (Counts Two and Four)**

"To state a claim of trademark infringement under California common law, a plaintiff need allege only (1) its prior use of the trademark and (2) the likelihood of the infringing mark being confused with plaintiff's mark." *Visual Changes Skin Care Int'l*, 2008 WL 4723603, at *5 (citing *Am. Petrofina v. Petrofina of California, Inc.*, 596 F.2d 896, 897 (9th Cir. 1979)). Accord *Casual Corner Assocs., Inc. v. Casual Stores of Nevada, Inc.*, 493 F.2d 709 (9th Cir. 1974) (to prevail over a junior user who owns a valid registration, a common law senior user must show continuous use prior to the date of the junior user's trademark registration). A party asserting common law rights must not only establish that it is the senior user, but also, that it has "legally sufficient market penetration" in a certain geographic market to establish those trademark rights. Glow Industries, Inc. v. Lopez, 252 F. Supp.2d 962, 983 (C.D. Cal. 2002).[4]

Here, in support of its claim for infringement of common law trademark rights (Count 2), Plaintiff alleges it began using the Registered Trademark at its Bakersfield California Burger Restaurant no later than December 1, 2015 (the same date as the date of first use in Plaintiff's registration for the Registered Trademark). Compl. ¶¶ 28, 29. Plaintiff also pleads it "is informed and believes [Defendant] has offered to provide and/or intends to provide" services using a mark that infringes Plaintiff's Registered Trademark. *Id*. ¶ 30. However, nowhere in the complaint does Plaintiff allege that Defendant began using its infringing mark *after* December 1, 2015, or otherwise pleaded its purported seniority of use. Plaintiff's bare allegation that its first use of the

---

[4] Because Plaintiff's unfair competition claim under Cal. Bus. & Prof. Code § 17200 is "substantially congruent" with Plaintiff's Lanham Act claims (which this Court has determined survive Defendant's motion to dismiss), Count 4 of Plaintiff's complaint likewise survives. *See Grupo Gigante S.A. de C.V. v. Dallo & Co.*, 391 F.3d 1088, 1100 (9th Cir. 2004) (citation omitted).

7

Registered Trademark in December 2015 "was sufficient to establish Plaintiff's common law rights" in the Registered Trademark (Compl. ¶ 30) is a conclusory assertion that is insufficient to state a claim without supporting factual allegations that demonstrate seniority of use. *See Iqbal*, 556 U.S. at 678; *Seven Arts Filmed Entm't*, 733 F.3d at 1254.

At the hearing on Defendant's motion to dismiss, counsel for Plaintiff clarified that it has seniority of use as to Defendant given that Defendant purportedly opened its Bakersfield store after December 1, 2015.  However, that argument fails for two reasons.  First, no such allegation appears in the complaint.  Second, even if Defendant did open its store after Plaintiff's first use of the Registered Trademark (December 1, 2015), it still could establish senior common law rights because use of a mark in promotional advertising, catalogs, newspaper ads, or articles is sufficient to establish senior use, and no "evidence of actual sales" is required.  *Hanginout, Inc. v. Google, Inc*., 54 F. Supp.3d 1109, 1119 (S.D. Cal. 2014).

Accordingly, the Court finds Plaintiff has failed to sufficiently allege its seniority of use of the mark THE CALIFORNIA BURGER as it must to sustain a claim for trademark infringement under California common law.  Nevertheless, this Court will adhere to the general rule that leave to amend a claim that is dismissed should be freely granted where the claim's deficiency could be cured. Fed. R. Civ. P. 15(a); *Schreiber Distrib. Co. v. Serv-Well Furniture Co*., 806 F.2d 1393, 1401 (9th Cir. 1986).

**Conclusion and Order**

For the forgoing reasons, it is HEREBY ORDERED that Defendant's motion to dismiss (Doc. 12) is GRANTED IN PART to the extent of dismissal of Count 2 (infringement of common law trademark rights), with leave to amend, and DENIED in all other respects.

Plaintiff is granted leave to amend and to file a first amended complaint to the extent in good faith it may cure the defects in Count 2 as set forth above.  Plaintiff SHALL FILE any first amended complaint within 14 days of the date of this Order and Defendant SHALL RESPOND to any first amended complaint within 14 days of its filing.

The scheduling conference set for June 12, 2024, at 9:30am (Doc. 13) is continued to July 15, 2024, at 9:30am.  The parties shall appear at the conference remotely via Zoom video

1  conference, and counsel may obtain the Zoom ID and password from the Courtroom Deputy
2  prior to the conference.  A joint scheduling conference statement shall be filed in compliance
3  with the procedures set forth in the Order Setting Mandatory Scheduling Conference (*see* Doc.
4  5).

5  IT IS SO ORDERED.

6  Dated:   **June 5, 2024**   _____
7  UNITED STATES MAGISTRATE JUDGE